## **SETTLEMENT AGREEMENT**

IN CONSIDERATION of the agreements set forth below, and in order to avoid further time, expense and effort associated with any and all litigation or other matters between Lissette Young (hereinafter referred to as "Young" or "Plaintiff"), on the one hand, and Safe Haven PB, Inc. d/b/a Sober Living by Tiffany, Tiffany Skuraton, Jeffrey Skuraton, and Samantha Garabed (hereinafter, jointly and severally, referred to as "The Company" or "Defendants"), the parties hereto agree as follows:

1) Background and Intent of the Parties.

   A. Plaintiff brought a lawsuit (Case 21-cv-60223-RKA (S.D.Fla.) against Defendants under the Fair Labor Standards Act 29 U.S.C. §201 *et seq*. ("FLSA") (the "Dispute") and Florida Minimum Wage Amendment ("FMWA") for unpaid minimum wages. Defendants maintain that Plaintiff is not entitled to any relief whatsoever.

   B. The Parties desire to settle fully and finally the Dispute;

   C. Opportunity to Negotiate and Consider: The terms of this Agreement are the product of negotiations between the Parties, and the Parties stipulate that there is adequate consideration given to support the obligations of this Agreement. In executing this Agreement, Plaintiff has not relied on any representation, compromise, conduct or action made by and/or on behalf of Defendants or Defendants' attorneys. Plaintiff acknowledges that Plaintiff has been represented by and has obtained the advice of her own counsel and agrees that Plaintiff has been given a reasonable period of time to consider this Agreement. Plaintiff and Defendants confirm that they have had the opportunity to consult with their own respective counsel about this Agreement and did so to their satisfaction; they are relying on their own judgment and on the advice of their respective attorneys, and each confirm their ability to understand this Agreement and their authority to execute it; and do hereby accept the terms and conditions of this Agreement.

   D. This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of Plaintiff or any other person, or of any violation of any order, law, statute, regulation, duty, or contract, or any act of discrimination whatsoever against Plaintiff or any other person, and Defendants specifically disclaim any liability to, or discrimination against Plaintiff or any other person, and any alleged violation of any rights of Plaintiff or any other person, or of any order, law, statute, regulation, duty or contract.

2) Consideration. In consideration for the promises made herein, and in full and final settlement and in satisfaction of the Dispute, Defendants will pay a total of **$ $40,433.00** (the "Settlement Sum")(comprised of $4,600.00 in attorneys' fees and costs, $17,916.50 in damages as wages; and $17,916.50 in liquidated

damages).  The parties agree that the amount set forth herein for attorneys' fees and costs was negotiated as a separate amount from the amounts herein to be paid to Plaintiff.

The Settlement Sum shall be paid in two (2) installments.  Installment # 1 for $20,216.50 shall be delivered to Bober & Bober, P.A. by not later than April 17, 2021, so long as the court approves the settlement by April 10, 2021. If court approval is delayed past April 10, 2021, the first payment will then be due seven (7) days after court approval.  The payment shall be made by Defendants by cashier's check to "Bober & Bober, P.A. Trust Account" or by electronic wire transfer to that account in the amount of $11,258.25 and by check to Plaintiff to be delivered to the office of Bober & Bober, P.A. in the amount of $8,958.25, less appliable withholdings.     Installment # 2 for $20,216.50 shall be delivered to Bober & Bober, P.A. by not later than May 17, 2021, unless court approval is delayed past May 10, 2021.  If court approval is delayed past May 10, 2021, then the total settlement amount will become due seven (7) days after court approval. The payment shall be made by Defendants by cashier's check to "Bober & Bober, P.A. Trust Account" or by electronic wire transfer to that account in the amount of $11,258.25 and by check to Plaintiff to be delivered to the office of Bober & Bober, P.A. in the amount of $8,958.25, less appliable withholdings.

Should the Company fail to timely and fully pay the Settlement Sum as specifically described herein, then Young shall be entitled to serve on counsel for the Company and file with the U.S. District Court or a court of competent jurisdiction, an affidavit as to the existence of such default, together with an Unopposed Motion for Entry of Self-Executing Final Judgment against the Defendants for $50,000.00, less any amounts paid hereunder.  Time is of the essence as to payment of the Settlement Sum.  Prior, however, to Young enforcing this right with respect to default, Young's counsel shall send an email and call via telephone to Jesse Unruh, Esq. (jesse@spirelawfirm.com and 407-494-0135) (with notification of any payment default, and Defendants shall have a five (5) business day right to cure.  Failure of Company to cure a payment default as to full delivery and payment of the Settlement Sum, shall entitle Plaintiff to obtain final judgment as set forth herein.

The Company shall issue the appropriate tax forms in connection with these respective payments. Payment of the Settlement Proceeds is in full settlement of any and all claims brought by Plaintiff including, but not limited to, in this Dispute and under the FLSA including, but not limited to, claims for unpaid wages, minimum wages, overtime, compensation of any kind, compensatory and liquidated damages, attorneys' fees and costs.  In no event shall any of the Settlement Sum be distributed to Plaintiff or her counsel as payment until the U.S. District Court approves this Agreement and dismisses the Dispute with prejudice.

The parties hereto agree that after this Agreement is fully executed, they shall promptly file a Joint Motion to Approve Settlement and Dismiss Case With Prejudice.

3) <u>Mutual Release</u>.  In exchange for delivery of a separately negotiated consideration amount of One Hundred Dollars ($100.00) paid by Defendants to Young, Young releases the Company, along with any parent company, subsidiaries, and all of their respective current and former members, partners, managers, officers, contractors, associates, employees, shareholders, successors in interest, consultants, representatives, attorneys, and agents, ("collectively all being the Released Parties") from any and all claims or demands of any kind she had or may now have against the Released Parties, including, but not limited to, any claims based on any and all aspects of her employment with the Company (including any claims for overtime pay, liquidated damages, and other pay of any kind) or separation from employment with the Company. This release of claims includes, but is not limited to, a release of any rights or claims Young may have under the Fair Labor Standards Act; Florida's Minimum Wage Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990; 42 U.S.C. Section 1981; the Age Discrimination in Employment Act; any claim under the worker's compensation law of Florida and the retaliation provision of that statute; Florida whistleblower laws; and/or any other federal, state, local, or foreign laws, ordinances, or regulations, including but not limited to those prohibiting employment discrimination, such as the Florida Civil Rights Act. Young also agrees that this Agreement includes a release of all claims based on the state and federal constitutions, and all claims based on theories of contract or tort (e.g., negligent or intentional infliction of emotional distress, defamation, assault, battery, false imprisonment, invasion of privacy, wrongful termination, etc.), whether based on common law or otherwise.  The foregoing list is meant to be illustrative rather than exhaustive.

Notwithstanding the foregoing, Young acknowledges that she is not waiving rights or claims that may arise after the date she signs this Agreement, including without limitation any rights or claims that Young may have to secure enforcement of the payment terms and conditions of this Agreement.

The Company, for themselves and on behalf of their present and former managers, officers, employees, directors, agents, subsidiaries, affiliates and anyone else who may be responsible to defend or provide possible recompense, hereby release and discharge Young, her attorneys, agents, assigns, heirs, executors, successors, administrators and personal representatives of any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses, and attorney's fees, and all claims of any kind and every character whatsoever, whether known or unknown, which they have or may have against her growing out of, or arising from, or pertaining to any contract, transaction, dealing, employment relationship, conduct, act, or omission existing at any time prior to the execution of the Agreement.

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 2ff42ba29f954470342d581aca4a84d902ed4fb73d7f03502241f5989dcd335a18ae81dbb6d86ac166419ff1ad04a896a9c7769ac34ddb151d7e48807ebe003a
Doc ID: 87be0db8b019db643fb26c85b1c32cb73bfa59b5

4) <u>Sufficiency of Consideration</u>.  Plaintiff agrees that the Settlement Proceeds are made in exchange, and constitute good and valuable consideration, for her execution of this Agreement and her waiver and release of her claims brought in this Dispute or otherwise, including, but not limited to, the FLSA and Florida Minimum Wage Act claims.  Plaintiff further agrees that the Settlement Sum shall constitute the entire amount of monetary consideration provided to her under this Agreement and that she is not entitled to any further consideration whatsoever from Defendants in exchange for this Agreement.

5) <u>No Future Employment</u>.  Plaintiff acknowledges that because of circumstances unique to Plaintiff, Plaintiff shall not apply in the future for employment with Defendants. Plaintiff acknowledges that, if Plaintiff does seek reemployment, failure to hire the Plaintiff, withdrawal of an offer of employment to Plaintiff, or if already employed, termination of Plaintiff's employment without notice or cause will not constitute retaliation or discrimination and Plaintiff will have no legal recourse against the company for such acts

6) <u>Time to Consider</u>.  Plaintiff represents that she has reviewed all aspects of this Agreement and fully understands all the provisions of this Agreement, that Plaintiff understands that in agreeing to this document.  Plaintiff may have against Defendants described herein, that Plaintiff voluntarily agrees to all the terms set forth in this Agreement, that Plaintiff knowingly and willingly intends to be legally bound by the same, that Plaintiff was given the opportunity to consider the terms of this Agreement and discuss them with legal counsel. Defendants likewise agree that they have entered in this Agreement voluntarily; that the Agreement is authorized, and that by the signature(s) below, Defendants intend to be bound by this Agreement.

7) <u>Voluntariness</u>.  Plaintiff also acknowledges that: (a) she has consulted with an attorney of her choosing concerning this Agreement; and (b) she has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on Plaintiff's own judgment and/or her attorney's advice.

8) <u>Neutral Response to Employment Inquiries</u>. Defendants agree that henceforth they will respond to inquiries from prospective employers regarding Plaintiff by providing only Plaintiff's dates in the role of house manager at the facility, that she held the title of house manager, and shall provide a neutral reference letter on Company stationary. Defendants shall be prohibited from providing any other information to prospective employers of the Plaintiff.  It shall be a material breach of the foregoing non-disparagement clause for the Defendants to reveal to a prospective employer of Plaintiff, that Plaintiff brought litigation against the Defendants.

9) <u>No representation</u>.  The Parties hereto represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any

representation or statement made by any of the Parties or by any of the Parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement.

10) <u>Mutual Non-Disparagement</u>:  The Parties hereto recognize that their reputations are important to them.  Therefore, the Parties agree not to make disparaging comments about one another.  In furtherance of this, the parties agree that they shall, refrain from discussing the conduct of the other party as it relates to the Plaintiff's work with Defendants in any manner. This clause shall not be construed to restrict either party from discussing any matter with appropriate governmental authorities, if required due to being called as a witness before a court, or where it would be in contravention of applicable law.

11) <u>Enforcement</u>:   Should Young be required to enforce the Defendants payment obligations of the Settlement Sum, she shall be entitled to reasonable attorneys' fees and costs in the enforcement and collection of the Settlement Sum.  The Parties shall request the U.S. District Court retain jurisdiction to enforce the terms of settlement.

12) <u>Binding Effect</u>.  This Agreement shall be binding upon the Parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said Parties and each of them and to their heirs, administrators, representatives, executors, successors, and assigns. Plaintiff expressly warrants that she has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

13) <u>Severable Provisions</u>.  Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

14) <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

15) <u>Applicable Law</u>.  This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of Florida without regard to principles of conflict of law.

16) <u>Construction of Agreement</u>.  This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the

parties hereto.  Each Party has had the opportunity to cooperate in the drafting and preparation of the Agreement.  Hence, in any construction to be made of the Agreement, the same shall not be construed against any Party on the basis that the Party was the drafter.

17) <u>Signatures</u>.  The Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic, faxed or scanned copies of such signed counterparts may be used in lieu of the originals for any purpose.

18) <u>No Waiver/All Rights Are Cumulative</u>.  No waiver of any breach of any term or provision of the Agreement shall be construed to be, nor shall be deemed, a waiver of any other breach of the Agreement.  No waiver shall be binding unless it is made in writing and signed by the party waiving the breach.  All rights are cumulative.

19) <u>Tax Consequences</u>. Nothing contained herein shall be construed or relied upon as any advice or opinion by or on behalf of the Defendants regarding the tax treatment of the settlement payment made hereunder.  Plaintiff and her attorneys also acknowledge that neither the Defendants nor any persons assisting the Defendants in any manner with negotiation or resolution of this matter have advised Plaintiff of the tax consequences, if any, resulting from monies paid under this Agreement.

20) <u>Choice of Venue</u>. Any action seeking to enforce or collect on this Agreement will be brought before the U.S. District Court for the Southern District of Florida or a Court of appropriate jurisdiction in Broward County, Florida.

21) <u>Execution of the Agreement</u>. The Parties agree that this Settlement Agreement may be executed in several counterparts and that each counterpart shall be deemed an original and that said counterparts shall constitute one and the same instrument.  Fax copies shall be considered originals.

22) <u>Parties' Acknowledgment</u>.  The Parties acknowledge that the terms of this Agreement are contractual and not a mere recital, and that no representation, promise or inducement has been made other than as set forth in this Agreement, and that each Party enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that she/it understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted.

BY YOUR SIGNATURE, YOU AGREE TO THE TERMS SET FORTH ABOVE.

**Plaintiff:**

04 / 07 / 2021
Date

_____
Lissette Young

**Defendants:**

2021-04-08
Date

Safe Haven PB, Inc. d/b/a Sober Living by Tiffany
By: Jacob Hillman
Its President

2021-04-08
Date

_____
Tiffany Skuraton

2021-04-08
Date

_____
Jeffrey Skuraton

2021-04-08
Date

_____
Samantha Garabed

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 2ff42ba29f954470342d581aca4a84d902ed4fb73d7f03502241f5989dcd335a18ae81dbb6d86ac166419ff1ad04a896a9c7769ac34ddb151d7e48807ebe003a
Doc ID: 87be0db8b019db643fb26c85b1c32cb73bfa59b5

# Signature Certificate

Document name:

**Settlement_Agreement-by Young**

Unique Document Id:
bb16c103-8559-400a-89ac-4e1e9830

Document fingerprint:
2ff42ba29f954470342d581aca4a84d902ed4fb73d7f03502241f5989dcd335a18
ae81dbb6d86ac166419ff1ad04a896a9c7769ac34ddb151d7e48807ebe003a

**Signatories**


### Samantha Garabed
Email: samanthag.bwr@gmail.com
Device: Mobile Safari 14.0 on iOS 14.4 AP iPhone (smartphone)
IP number: 174.228.1.153
IP Location: New York, New York, United States

Trusted timestamp:
2021-04-08 21:05:23 UTC




### Jacob Hillman
Email: jnhillman@gmail.com
Device: Chrome 89.0 on Windows 10   (computer)
IP number: 173.9.128.134
IP Location: Miami, Florida, United States

Trusted timestamp:
2021-04-08 21:07:40 UTC




### Tiffany Skuraton
Email: tiffany.bwr@gmail.com
Device: Mobile Safari 14.0 on iOS 14.4 AP iPhone (smartphone)
IP number: 173.9.128.134
IP Location: Miami, Florida, United States

Trusted timestamp:
2021-04-08 21:15:25 UTC




### Jeffrey Skuraton
Email: Jeffs.bwr@gmail.com
Device: Chrome 89.0 on Windows 10   (computer)
IP number: 73.49.91.13
IP Location: Pompano Beach, Florida, United States

Trusted timestamp:
2021-04-08 21:56:56 UTC





This document is signed using GetAccept Digital Signature Technology.
This Signature Certificate provides all signatures connected to this document and the audit log.

Page 1 / 4

This document was completed by all parties on:

**2021-04-08 21:56:56 UTC**





This document is signed using GetAccept Digital Signature Technology.
This Signature Certificate provides all signatures connected to this document and the audit log.

# Audit log

| Trusted timestamp | Event with collected audit data |
| --- | --- |
| 2021-04-08 21:56:56 UTC | Document was signed by Jeffrey Skuraton  (Jeffs.bwr@gmail.com)<br>Device: Chrome 89.0 on Windows 10   (computer)<br>IP number: 73.49.91.13 - IP Location: Pompano Beach, Florida, United States |
| 2021-04-08 21:56:49 UTC | Document was verified via handwritten signature by Jeffrey Skuraton (Jeffs.bwr@gmail.com)<br>Device: Chrome 89.0 on Windows 10   (computer)<br>IP number: 73.49.91.13 - IP Location: Pompano Beach, Florida, United States |
| 2021-04-08 21:56:37 UTC | Document was reviewed by Jeffrey Skuraton  (Jeffs.bwr@gmail.com)<br>Device: Chrome 89.0 on Windows 10   (computer)<br>IP number: 73.49.91.13 - IP Location: Pompano Beach, Florida, United States |
| 2021-04-08 21:49:25 UTC | Document was opened by Jeffrey Skuraton  (Jeffs.bwr@gmail.com)<br>Device: Chrome 89.0 on Windows 10   (computer)<br>IP number: 73.49.91.13 - IP Location: Pompano Beach, Florida, United States |
| 2021-04-08 21:15:25 UTC | Document was signed by Tiffany Skuraton  (tiffany.bwr@gmail.com)<br>Device: Mobile Safari 14.0 on iOS 14.4 AP iPhone (smartphone)<br>IP number: 173.9.128.134 - IP Location: Miami, Florida, United States |
| 2021-04-08 21:15:21 UTC | Document was verified via handwritten signature by Tiffany Skuraton (tiffany.bwr@gmail.com)<br>Device: Mobile Safari 14.0 on iOS 14.4 AP iPhone (smartphone)<br>IP number: 173.9.128.134 - IP Location: Miami, Florida, United States |
| 2021-04-08 21:13:16 UTC | Document was reviewed by Tiffany Skuraton  (tiffany.bwr@gmail.com)<br>Device: Mobile Safari 14.0 on iOS 14.4 AP iPhone (smartphone)<br>IP number: 173.9.128.134 - IP Location: Miami, Florida, United States |
| 2021-04-08 21:13:11 UTC | Document was opened by Tiffany Skuraton  (tiffany.bwr@gmail.com)<br>Device: Mobile Safari 14.0 on iOS 14.4 AP iPhone (smartphone)<br>IP number: 173.9.128.134 - IP Location: Miami, Florida, United States |
| 2021-04-08 21:07:40 UTC | Document was signed by Jacob Hillman  (jnhillman@gmail.com)<br>Device: Chrome 89.0 on Windows 10   (computer)<br>IP number: 173.9.128.134 - IP Location: Miami, Florida, United States |
| 2021-04-08 21:07:37 UTC | Document was verified via handwritten signature by Jacob Hillman (jnhillman@gmail.com)<br>Device: Chrome 89.0 on Windows 10   (computer)<br>IP number: 173.9.128.134 - IP Location: Miami, Florida, United States |
| 2021-04-08 21:07:30 UTC | Document was reviewed by Jacob Hillman  (jnhillman@gmail.com)<br>Device: Chrome 89.0 on Windows 10   (computer)<br>IP number: 173.9.128.134 - IP Location: Miami, Florida, United States |
| 2021-04-08 21:07:13 UTC | Document was opened by Jacob Hillman  (jnhillman@gmail.com)<br>Device: Chrome 89.0 on Windows 10   (computer)<br>IP number: 173.9.128.134 - IP Location: Miami, Florida, United States |
| 2021-04-08 21:05:23 UTC | Document was signed by Samantha Garabed  (samanthag.bwr@gmail.com)<br>Device: Mobile Safari 14.0 on iOS 14.4 AP iPhone (smartphone)<br>IP number: 174.228.1.153 - IP Location: New York, New York, United States |



This document is signed using GetAccept Digital Signature Technology.
This Signature Certificate provides all signatures connected to this document and the audit log.

| | |
|---|---|
| 2021-04-08 21:05:17 UTC | Document was verified via handwritten signature by Samantha Garabed (samanthag.bwr@gmail.com)<br>Device: Mobile Safari 14.0 on iOS 14.4 AP iPhone (smartphone)<br>IP number: 174.228.1.153 - IP Location: New York, New York, United States |
| 2021-04-08 21:05:10 UTC | Document was reviewed by Samantha Garabed  (samanthag.bwr@gmail.com)<br>Device: Mobile Safari 14.0 on iOS 14.4 AP iPhone (smartphone)<br>IP number: 174.228.1.153 - IP Location: New York, New York, United States |
| 2021-04-08 21:05:01 UTC | Document was opened by Samantha Garabed  (samanthag.bwr@gmail.com)<br>Device: Mobile Safari 14.0 on iOS 14.4 AP iPhone (smartphone)<br>IP number: 174.228.1.153 - IP Location: New York, New York, United States |
| 2021-04-08 21:03:29 UTC | Document was sent to Jeffrey Skuraton  (Jeffs.bwr@gmail.com)<br>Device: Chrome 89.0 on Windows 10   (computer)<br>IP number: 184.88.138.159 - IP Location: Oviedo, Florida, United States |
| 2021-04-08 21:03:28 UTC | Document was sent to Samantha Garabed  (samanthag.bwr@gmail.com)<br>Device: Chrome 89.0 on Windows 10   (computer)<br>IP number: 184.88.138.159 - IP Location: Oviedo, Florida, United States |
| 2021-04-08 21:03:27 UTC | Document was sent to Tiffany Skuraton  (tiffany.bwr@gmail.com)<br>Device: Chrome 89.0 on Windows 10   (computer)<br>IP number: 184.88.138.159 - IP Location: Oviedo, Florida, United States |
| 2021-04-08 21:03:26 UTC | Document was sent to Jacob Hillman  (jnhillman@gmail.com)<br>Device: Chrome 89.0 on Windows 10   (computer)<br>IP number: 184.88.138.159 - IP Location: Oviedo, Florida, United States |
| 2021-04-08 21:03:25 UTC | Document was sealed by Spire Law  (jesse@spirelawfirm.com)<br>Device: Chrome 89.0 on Windows 10   (computer)<br>IP number: 184.88.138.159 - IP Location: Oviedo, Florida, United States |
| 2021-04-08 20:53:25 UTC | Document was created by Spire Law  (jesse@spirelawfirm.com)<br>Device: Chrome 89.0 on Windows 10   (computer)<br>IP number: 184.88.138.159 - IP Location: Oviedo, Florida, United States |



This document is signed using GetAccept Digital Signature Technology.
This Signature Certificate provides all signatures connected to this document and the audit log.